13-449(L)
*Bakayoko v. Holder*

*BIA*
Nelson, IJ
A087 633 114

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
            PETER W. HALL,
                    *Circuit Judges.*

---

MARIAMA BAKAYOKO, AKA INA NIANG,

            *Petitioner,*

            v.                                          No. 13-449(L),
                                                        No. 13-2858(CON)
ERIC H. HOLDER, JR., United States Attorney General,    NAC

            *Respondent.*

---

**FOR PETITIONER:**              Lawrence Spivak, Jamaica, NY.

**FOR RESPONDENT:**              Stuart F. Delery, Assistant Attorney General;
                                 John W. Blakeley, Senior Litigation Counsel;
                                 Jesse D. Lorenz, Trial Attorney, Office of
                                 Immigration Litigation, United States
                                 Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of these petitions for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petitions for review are **DENIED**.

Mariama Bakayoko, a native and citizen of the Ivory Coast, seeks review of a January 8, 2013 decision of the BIA affirming an Immigration Judge's ("IJ") August 30, 2011 decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mariama Bakayoko*, No. A087 633 114 (B.I.A. Jan. 8, 2013), *aff'g* No. A087 633 114 (Immig. Ct. N.Y. City Aug. 30, 2011). Bakayoko also seeks review of a June 26, 2013 BIA decision denying her timely motion to reopen. *In re Mariama Bakayoko*, No. A087 633 114 (B.I.A. June 26, 2013). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the decision of the IJ as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications like Bakayoko's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

Upon review of the record and the relevant law, we conclude that the IJ's adverse credibility determination was reasonably based on inconsistencies in Bakayoko's evidence and testimony. The IJ found that Bakayoko made "serious omissions" in her asylum application by not mentioning the circumcision of her daughters or her fear of being forced into an arranged marriage. Although the IJ appears to have misstated when Bakayoko eventually did raise these issues, the IJ was correct that Bakayoko did not raise the issues in her asylum application. Moreover, the IJ found Bakayoko's demeanor "troubling," noting inconsistencies in her testimony as to when her daughters were circumcised. During direct examination, Bakayoko stated that her two daughters were 22 years old and 19 years old when circumcised, but during cross-examination, she stated that her older daughter was 7 or 8 years old when she was circumcised, and then stated, "No, no, I don't remember their age. I don't remember." Based on this record, we cannot say that no reasonable factfinder could have found Bakayoko's testimony not credible.

We also conclude that the Board did not abuse its discretion in denying Bakayoko's motion to reopen because the motion was not supported by new or previously unavailable evidence. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1); *Maldonado v. Holder*, --- F.3d ---, 2014 WL 3953651, at *7 (2d Cir. Aug. 14, 2014).

We have considered all of petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petitions for review are **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in these petitions is **VACATED**, and any pending motion for a stay of removal in these petitions is **DISMISSED** as moot. Any pending

request for oral argument in these petitions is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk